UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| RONALD A. MIKKELSON DDS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASPEN AMERICAN INSURANCE COMPANY,<br><br>Defendant. | No.<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMAND |

## I.   INTRODUCTION

The defendant Aspen American Insurance Company ("Aspen" or "Defendant") insures the plaintiff Ronald A. Mikkelson DDS ("Mikkelson"), a family-owned, small business dentistry practice. Due to COVID-19, Mikkelson cannot provide routine dentistry services. Mikkelson intended to rely on its business insurance to keep the business alive. This lawsuit is filed to ensure that Mikkelson and other similarly-situated policyholders receive the insurance benefits for which they paid.

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II.   JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from Defendant, there are 100 or more Class members nationwide, and the aggregate amount in controversy exceeds $5,000,000. The Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because the Court has personal jurisdiction over Defendant, a substantial portion the alleged wrongdoing occurred in this District and the state of Washington, and Defendant has sufficient contacts with this District and the state of Washington.

3. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue in this Complaint arose in this District. Plaintiff's place of business is located in Olympia, WA, Thurston County. This action is therefore appropriately filed in the Tacoma Division because a substantial portion of the events giving rise to this lawsuit arose in Thurston County.

## III.   PARTIES

4. Plaintiff Ronald A. Mikkelson, DDS, operates a family dentistry practice located at 140 North Percival St., Suite B, Olympia WA 98502.

5. Defendant Aspen American Insurance Company is an insurance carrier incorporated and domiciled in the State of Texas, with its principal place of business in Rocky Hill, Connecticut.

## IV.   ALLEGATIONS OF FACTS

6. Mikkelson is a policyholder of an "all risk" policy issued by Aspen.

CLASS ACTION COMPLAINT- 2

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

7. The Policy was in effect at all relevant times.

8. Mikkelson paid all premiums for the coverage when due.

9. The Policy insures Mikkelson's business property.

10. Mikkelson's business property includes property owned and leased by Mikkelson and used for general business purposes for the specific purpose of dentistry and other activities.

11. Aspen provided coverage for "DIRECT PHYSICAL LOSS" to covered property.

12. This coverage includes coverage for risks of both damage to and loss of covered property.

13. On or about January 2020, the United States of America saw its first cases of persons infected by COVID-19, which has been designated a worldwide pandemic.

14. In light of this pandemic, the American Dental Association called upon dentists to postpone all elective procedures.

15. Washington Governor Jay Inslee issued certain proclamations and orders affecting many persons and businesses in Washington, whether infected with COVID-19 or not, requiring certain public health precautions.

16. By order of Governor Inslee, dentists including Mikkelson were prohibited from practicing dentistry but for urgent and emergency procedures.

17. Mikkelson's property sustained direct physical loss or damage as a result of the proclamations and orders.

18. Mikkelson's property will continue to sustain direct physical loss or damage covered by the Aspen policy or policies, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses.

19. Mikkelson's property cannot be used for its intended purposes.

CLASS ACTION COMPLAINT- 3

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

20. As a result of the above, Mikkelson has experienced and will experience loss covered by the Aspen policy or policies.

21. Mikkelson will soon file a claim for its loss, and upon information and belief, its claim will be denied by Aspen.

## V. CLASS ACTION ALLEGATIONS

22. This matter is brought by Mikkelson on behalf of himself and those similarly situated, under Federal Rules of Civil Procedure 23(b)(1), 23(b)(2), and 23(b)(3).

23. The Classes that Mikkelson seek to represent are defined at this time as:

　A. ***Practice Income Breach of Contract Class:*** All persons and entities in the United States insured under an Aspen policy with Practice Income coverage who suffered a suspension of their practice due to COVID-19 at the covered premises and whose Practice Income claim was denied by Aspen.

　B. ***Practice Income Declaratory Relief Class:*** All persons and entities in the United States insured under an Aspen policy with Practice Income coverage who suffered a suspension of their practice due to COVID-19 at the covered premises.

　C. ***Extra Expense Breach of Contract Class:*** All persons and entities in the United States insured under an Aspen policy with Extra Expense coverage who sought to minimize the suspension of business in connection with COVID-19 at the covered premises and whose denied Extra Expense coverage claim was denied by Aspen despite their efforts to minimize the suspension of their practice.

　D. ***Extra Expense Declaratory Relief Class:*** All persons and entities in the United States insured under an Aspen policy with Extra Expense coverage who sought to

CLASS ACTION COMPLAINT- 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

minimize losses from the suspension of their practice due to COVID-19 at the covered premises.

24. Excluded from the Class are Defendant's officers, directors, and employees; the judicial officers and associated court staff assigned to this case; and the immediate family members of such officers and staff. Mikkelson reserves the right to amend the Class definition based on information obtained in discovery.

25. This action may properly be maintained on behalf of each proposed Class under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

26. **Numerosity**: The members of the Class are so numerous that joinder of all members would be impractical. Plaintiff is informed and believes that the proposed Class contains thousands of members. The precise number of class members can be ascertained through discovery, which will include Defendant's records of policyholders.

27. **Commonality and Predominance**: Common questions of law and fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

    A. Whether the class members suffered covered losses based on common policies issued to members of the Class;

    B. Whether Aspen acted in a manner common to the class and wrongfully denied claims for coverage arising from COVID-19;

    C. Whether Practice Income coverage in Aspen's policies of insurance applies to a suspension of practice caused by COVID-19;

    D. Whether Aspen's Extra Expense coverage applies to efforts to minimize a loss caused by COVID-19;

CLASS ACTION COMPLAINT- 5

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

E.    Whether Aspen has breached its contracts of insurance through a blanket denial of all claims based on business interruption, income loss or closures related to COVID-19.

F.    Whether, because of Defendant's conduct, Mikkelson and the class members have suffered damages; and if so, the appropriate amount thereof; and

G.    Whether, because of Defendant's conduct, Mikkelson and the class members are entitled to equitable and declaratory relief, and if so, the nature of such relief.

28.    **Typicality**: Mikkelson's claims are typical of the claims of the members of the classes. Mikkelson and all the members of the classes have been injured by the same wrongful practices of Defendant. Mikkelson's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

29.    **Adequacy**: Mikkelson will fully and adequately assert and protect the interests of the classes and has retained class counsel who are experienced and qualified in prosecuting class actions. Neither Mikkelson nor their attorneys have any interests contrary to or in conflict with the Class.

30.    **Federal Rule of Civil Procedure 23(b)(1), the Risk of Inconsistent or Varying Adjudications and Impairment to Other Class Members' Interests**: Plaintiff seeks adjudication as to the interpretation, and resultant scope, of Defendant's policies, which are common to all members of the class. The prosecution of separate actions by individual members of the classes would risk inconsistent or varying interpretations of those policy terms and create inconsistent standards of conduct for Defendant. The policy interpretations sought be Plaintiff could also impair the ability of absent class members to protect their interests.

CLASS ACTION COMPLAINT- 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

31. **Federal Rule of Civil Procedure 23(b)(2), Declaratory and Injunctive Relief**: Defendant acted or refused to act on grounds generally applicable to Plaintiff and other members of the proposed classes making injunctive relief and declaratory relief appropriate on a classwide basis.

32. **Federal Rule of Civil Procedure 23(b)(3), Superiority**: A class action is superior to all other available methods of the fair and efficient adjudication of this lawsuit. While the aggregate damages sustained by the classes are likely to be in the millions of dollars, the individual damages incurred by each class member may be too small to warrant the expense of individual suits. Individual litigation creates a risk of inconsistent and/or contradictory decisions and the court system would be unduly burdened by individual litigation of such cases. A class action would result in a unified adjudication, with the benefits of economies of scale and supervision by a single court.

## VI.   CAUSES OF ACTION

### COUNT ONE —

### Declaratory Judgment

*(Claim brought on behalf of claimants that anticipate denied coverage)*

33. This is a cause of action for declaratory judgment pursuant to the Declaratory Judgment Act, codified at 28 U.S.C. § 2201.

34. Mikkelson seeks a declaratory judgment declaring that Mikkelson's losses and expenses resulting from the interruption of its business are covered by the Policy.

35. Mikkelson seeks a declaratory judgment declaring that Aspen is responsible for timely and fully paying all such losses.

36. Previous paragraphs alleged are incorporated herein.

CLASS ACTION COMPLAINT- 7

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## COUNT TWO —

## Breach of Contract

*(Claim brought on behalf of claimants that were denied coverage)*

37. The Policy is a contract under which Mikkelson paid premiums to Aspen in exchange for Aspen's promise to pay Mikkelson for all claims covered by the Policy.

38. Mikkelson has paid its insurance premiums.

39. Mikkelson will soon file a claim for its loss covered by the Policy. Upon information and belief, Aspen has denied coverage for other similarly situated policyholders and will deny Mikkelson's claim.

40. Denying coverage for the claim is a breach of the insurance contract.

41. Mikkelson is harmed by the breach of the insurance contract by Aspen.

### VII.   PRAYER FOR RELIEF

1. A declaratory judgment that the policy or policies cover the plaintiff's losses and expenses resulting from the interruption of the plaintiff's business by COVID-19.

2. A declaratory judgment that the defendant is responsible for timely and fully paying all such losses.

3. Damages.

4. Pre-judgment interest.

5. Reasonable attorney fees and costs.

6. Such further and other relief as the Court shall deem appropriate.

### VIII.   JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all claims so triable.

CLASS ACTION COMPLAINT- 8

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED this 20th day of April, 2020.

        KELLER ROHRBACK L.L.P.

By: *s/ Ian S. Birk*
By: *s/ Lynn L. Sarko*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Nathan L. Nanfelt*
    Ian S. Birk, WSBA #31431
    Lynn L. Sarko, WSBA #16569
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Nathan L. Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: ibirk@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: nnanfelt@kellerrohrback.com

By: *s/ Alison Chase*
    Alison Chase, *pro hac vice forthcoming*
    801 Garden Street, Suite 301
    Santa Barbara, CA 93101
    Telephone: (805) 456-1496
    Fax: (805) 456-1497
    Email: achase@kellerrohrback.com

    ***Attorneys for Plaintiff***

CLASS ACTION COMPLAINT- 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384