# ATTACHMENT

Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

WADE K. MARLER, DDS, individually and on
behalf of all others similarly situated,

                                    Plaintiff,

        v.

ASPEN AMERICAN INSURANCE
COMPANY,

                                    Defendant.

No. 2:20-cv-00616-BJR

PLAINTIFFS' STATEMENT IN
RESPONSE TO FIRST SCHEDULING
ORDER

FILED IN CONNECTION WITH
NOVEMBER 9, 2020 CASE
MANAGEMENT CONFERENCE

## I.        PRELIMINARY STATEMENT

Plaintiffs[1] are small Washington businesses that own and operate dental and medical

practices, restaurants, hotels, gyms, coffee shops, and other local enterprises. Defendants are

national insurance companies that sold policies to Plaintiffs. Every year, Plaintiffs paid

premiums to the Defendant Insurers to protect them from the catastrophic economic

consequences they would suffer if they were unable to fully engage in their business. With the

---

[1] Plaintiffs joining this filing are all plaintiffs subject to this Court's Order, except Vancouver Clinic Inc. P.S. ("Vancouver Clinic") and Aspen Lodging Group LLC ("Aspen Lodging"). Vancouver Clinic and Aspen Lodging each assert claims against Affiliated FM Insurance Company and will be submitting their own response to the Court's First Scheduling Order. Counsel for *Strelow* and *Tabarie* reviewed and approved a draft of this filing, but due to other scheduled commitments, were not able to re-confirm their joinder as of the time of filing.

PLS.' STATEMENT IN RESP.
TO FIRST SCHEDULING ORDER
(2:20-cv-00616-BJR) - 1

arrival of the COVID-19 pandemic in Washington and throughout the United States in early 2020, and the State of Washington and other states' formal responses to that public health threat, Plaintiffs have found themselves with limited access and severe restrictions to their businesses. Plaintiffs have suffered tremendous losses as a result.

Plaintiffs purchased commercial all-risk first-party property and casualty policies (the "Policies") from Defendants (the "Insurers") that cover their business interruption losses. With minor variation, these Policies cover "direct physical loss of or damage to Covered Property" as well as "Business Income" losses and "Extra Expense" due to suspension of the Plaintiffs' businesses, including losses and expenses caused by governmental orders restricting access to and use of their physical buildings and other insured property. Each Plaintiff has experienced covered losses stemming from the COVID-19 pandemic, and each Plaintiff has sought coverage from the Insurers under the Policies for their losses. The Insurers have denied or made clear they will deny the Plaintiffs' claims, forcing these already-struggling Plaintiffs to file these lawsuits to obtain the coverage to which they are entitled.

All of the actions are in early procedural stages. A few of the parties have engaged in early discovery exchanges. The Liberty Mutual Defendants have filed answers. Four dispositive motions have been filed, three of which are fully briefed.[2] As of this filing, certain of the Plaintiffs intend to amend their complaints.[3]

---

[2] The three motions which are fully briefed are in *Germack v. Dentist Insurance Co.*, No. 2:20-cv-00661-BJR (W.D. Wash.) (Defendant's Motion for Summary Judgement), *Vita Coffee, LLC v. Fireman's Fund Insurance Co.*, No. 2:20-cv-01079-BJR (W.D. Wash.) (Defendant's Rule 12 motion), and *ES Restaurant Group, Inc. v. Fireman's Fund Insurance Co.*, No. 2:20-cv-01193-BJR (W.D. Wash.) (Defendant's Rule 12 motion).

[3] As of this filing, the following Plaintiffs presently seek to amend their complaints: Marler, Mikkelson, Aylen, Jagow (each filing against Aspen American Insurance Company); Chorak, Prato, Kim, Lee, Glow Medispa, KCJ Studios, Humble Warrior, ALELG LLC, Seattle Symphony Orchestra, J Bells (each filing against a Hartford insurer-defendant); Hong, McCulloch, Noskenda (each filing against a CNA insurer-defendant); Cascadia Dental, Pacific Endodontics, Rowshan (each filing against a Liberty Mutual insurer-defendant); and La Cocina Oaxaca (filing against Tri-State).

PLS.' STATEMENT IN RESP.
TO FIRST SCHEDULING ORDER
(2:20-cv-00616-BJR) - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## II.    PRODCEDURAL BACKGROUND

On September 29, 2020, this Court issued its First Scheduling Order (the "Order"), identifying the thirty-four cases in this District it addressed as of that date. Dkt. # 23 at pp. 3-4. The Court asked the parties to address six questions, set forth in Section III, below. *See also* Order at p. 2. The Court's October 21 Minute Order set the first case management conference for these actions on November 9, 2020. Dkt. # 31.[4]

Defendants in the actions currently before the Court fall into ten groups by Insurer family:

- Hartford family of insurers[5] (11 cases);

- Aspen American Insurance Company ("Aspen") (5 cases);

- CNA family of insurers[6] (4 cases);

- Fireman's Fund Insurance Company ("Fireman's Fund" or "FFIC") (3 cases);

- Liberty Mutual family of insurers[7] (3 cases);

---

[4] Prior to the Court's issuance of its First Scheduling Order, on September 29, 2020, Keller Rohrback filed a motion to consolidate on behalf of its clients who filed putative class claims in 26 of the actions before this Court. Dkt. # 20. Keller Rohrback seeks to consolidate the actions into one, or alternatively, eight groupings by insurer family. *Id.* at pp. 8-9. By Order dated October 15, 2020, the Travelers family of insurers stipulated, and this Court agreed, to consolidate the 6 separate Travelers actions under one caption. Corrected Stipulated Motion & Order, *Bath v. Travelers Cas. Ins. Co. of Am.*, No. 3:20-cv-05489-BJR (W.D. Wash. Oct. 15, 2020), Dkt. # 42. Plaintiffs filed a consolidated amended complaint against the Travelers defendants on October 16, 2020. Consolidated Amended Class Action Complaint, *Nguyen v. Travelers Cas. Ins. Co. of Am.*, No. 2:20-cv-00597-BJR (W.D. Wash. Oct. 16, 2020), Dkt. # 35. The Insurers who remain subject to the consolidation motion opposed it on October 15 and 23, 2020. Keller Rohrback filed its reply in the Germack action on October 29, and will file a consolidated reply in response to the other defendants on November 6, 2020.

[5] The defendant-insurers The Hartford Casualty Insurance Company, Sentinel Insurance Company, Ltd., and Hartford Fire Insurance Company are owned by the same parent corporation, The Hartford Financial Services Group, Inc. ("Hartford").

[6] The defendant-insurers Valley Forge Insurance Company, Valley Forge Company, and Transportation Insurance Company are all owned by CNA Financial Corporation ("CNA").

[7] The defendant-insurers The Ohio Casualty Insurance Company, The Ohio Security Insurance Company, and American Fire and Casualty Company share the same holding company, Liberty Mutual Holding Company Inc. ("Liberty Mutual").

PLS.' STATEMENT IN RESP.
TO FIRST SCHEDULING ORDER
(2:20-cv-00616-BJR) - 3

- Travelers family of insurers[8] (1 consolidated action (6 Plaintiffs));

- Affiliated FM Insurance Company ("Affiliated FM") (2 cases);

- Massachusetts Bay Insurance Company ("Mass Bay") (1 case);

- Tri-State Insurance Company of Minnesota ("Tri-State") (1 case); and

- The Dentists Insurance Company ("TDIC") (1 case).

On October 14, 2020, all Plaintiffs' counsel and Defendants' counsel subject to the Court's Order as of that date met and conferred telephonically.[9] Plaintiffs presented their initial joint proposal for case management in response to the Court's Order. Plaintiffs' initial proposal focused on common legal issues and approaches to streamlining briefing on those issues. Plaintiffs also expressed their view that discovery should proceed, and provided Defendants with a list of topics on which they would seek discovery.

Each Insurer Defendant group presented its separate proposal in response to the Court's Order, and the parties engaged in some limited follow-up discussion. After the October 14 conference, Plaintiffs sent Defendants a list of the discovery topics Plaintiffs seek, and certain of the Plaintiffs and certain of the Defendants continued to discuss a variety of case management approaches.

Plaintiffs have also continued to confer on their side. As a result of this meet and confer process, Plaintiffs submit the following proposal, jointly where indicated, and with some additional proposals set out below for certain unique issues.

---

[8] The defendant-insurers Travelers Casualty Insurance Company of America, The Charter Oak Fire Insurance Company, and Travelers Indemnity Company of America are owned by the same parent corporation, The Travelers Companies, Inc. ("Travelers").

[9] Counsel in the action *Worthy Hotels Inc. v. Fireman's Fund Insurance Co.*, No. 2:20-cv-01515-BJR (W.D. Wash.) participated in the October 14 conference. Plaintiffs' counsel in *SCRBKR2017, LLC v. Sentinel Insurance Co.*, No. 2:20-cv-01537-BJR (W.D. Wash.) and *Seattle Bakery LLC v. Sentinel Insurance Co.*, No. 2:20-cv-01540-BJR (W.D. Wash.), did not participate in the October 14 conference because their actions were not yet before this Court.

PLS.' STATEMENT IN RESP.
TO FIRST SCHEDULING ORDER
(2:20-cv-00616-BJR) - 4

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

### III.    PLAINTIFFS' JOINT RESPONSE TO THE COURT'S QUESTIONS

Plaintiffs believe the cases fall into three tracks, which should be litigated simultaneously:

1) the "COVID-19/Closure Track" ("Track One") (26 cases);[10]

2) the "Fireman's Fund Track" ("Track Two") (3 cases); and

3) the "Affiliated FM Track" (2 cases).[11]

### 1.    What are the common issues in all the cases?

Tracks One and Two have the following common issue: Application of the "**direct physical loss of or damage to property**" (or minor variations thereof) policy language to the common allegations in the complaints of total or partial closure due to COIVD-19 and/or governmental orders resulting from the COVID-19 pandemic.

Determining insurance coverage is a two-step process. First, the insured must show that the loss falls within the scope of the policy's insured losses. Second, to avoid coverage the insurer must show that specific policy language excludes the loss. *Churchill v. Factory Mut. Ins. Co.*, 234 F. Supp. 2d 1182, 1186 (W.D. Wash. 2002) (citing *McDonald v. State Farm Fire & Cas. Co.*, 119 Wn.2d 724, 731, 837 P.2d 1000 (1992)). This logical sequence guides the common legal and factual issues that follow below.

The common legal issue in Tracks One and Two is coverage. Both tracks require resolution of whether the Policies' language stating that a "**direct physical loss of or damage to property**"[12] is a covered loss that applies to the facts of the pandemic, including the closure

---

[10] The "COVID-19/Closure Track," or "Track One," would include all of the Keller Rohrback class cases (20 cases), all individual cases filed against Aspen (1 case), and all individual cases filed against either Sentinel Insurance Company, Ltd. or Hartford Fire Insurance Company (5 cases).

[11] *See supra* note 1. Plaintiffs in the proposed "Affiliated FM Track" are submitting a separate filing. The Affiliated FM Track is not discussed further in this submission.

[12] There are some minor variations in this language, as set forth on the attached Exhibit A.

PLS.' STATEMENT IN RESP.
TO FIRST SCHEDULING ORDER
(2:20-cv-00616-BJR) - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

orders and/or the probable, assumed, or likely (whether known or unknown) presence of the virus at or near Plaintiffs' businesses.

This issue should be briefed as follows:

a) <u>Track One</u> – Plaintiffs in the class cases have filed a motion for consolidation. Dkt. # 20. Plaintiffs respectfully request that the Court rule on this motion. In addition, Defendant TDIC has filed a motion for summary judgment.[13] Plaintiffs suggest that after the Court rules on the motion to consolidate, and after Plaintiffs file any amended complaints, *see supra* note 3, two additional sets of briefing be allowed in this track to address the coverage issue.

The first additional set of briefing would be a Rule 12 motion filed by the Hartford family against the Hartford Plaintiffs, with page limits governed by this Court's Standing Order. The Hartford class plaintiffs and Hartford individual plaintiffs would cooperate in responding jointly to such a motion.

The second additional set of briefing would be filed jointly by the remaining six defendants in Track One: Aspen, CNA, Liberty Mutual, Mass Bay, Travelers, and Tri-State, with proposed page limits, subject to the Court's agreement, up to double those provided in this Court's Standing Order. Thereafter, Plaintiffs respectfully request that these three dispositive motions be jointly set for oral argument and be adjudicated by the Court.

b) <u>Track Two</u> – The Fireman's Fund cases involve two different Fireman's policy forms, including one in which Fireman's intentionally removed the policy's disease exclusion. The other policy form provides Communicable Disease coverage and includes only a "death and mortality" exclusion rather than a "virus" exclusion. Defendant has filed, and briefing is

---

[13] Defendant's Motion for Summary Judgment, *Germack v. Dentist Ins. Co.*, No. 2:20-cv-00661-BJR (W.D. Wash. Sept. 18, 2020), Dkt. # 35.

PLS.' STATEMENT IN RESP.
TO FIRST SCHEDULING ORDER
(2:20-cv-00616-BJR) - 6

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

complete, on two Rule 12 motions against Plaintiffs Vita Coffee and ES Restaurants. Plaintiff

Worthy Hotels seeks an opportunity to submit its own briefing addressing the legal issues raised

by Defendant Fireman's Fund. Plaintiffs respectfully request that following Worthy Hotel's

briefing, these matters be jointly set for oral argument and adjudicated by the Court.

### 2. Are all issues present in all cases?

Not all issues are present in all cases, but there are core issues present in multiple cases

that can be litigated efficiently in groupings, as discussed below.

<u>Common Legal Issues in the Track One and Two cases</u>:

i) **Regulatory estoppel**. This issue requires discovery prior to briefing. The issue is

whether the doctrine of regulatory estoppel prevents the Insurer Defendants who

seek to assert a virus or microbe exclusion from applying such an exclusion

here.[14] This issue requires discovery from the Insurer Defendants who intend to

assert such a defense, from the third-party Insurance Services Office, who acted

as the Insurer Defendants' agent, and from the applicable state Insurance

Commissioner Offices. This issue likely applies to the Defendant Insurers Aspen,

CNA, Liberty Mutual, Mass Bay, Travelers, some of the Fireman's Fund policy

forms, and TDIC, and is present in thirteen cases.

---

[14] As one court recently explained, "Insurers began to add the Virus Exclusion and similar terms to contacts in 2006, after the severe acute respiratory syndrome ("SARS") outbreak. . . . A 2006 Insurance Services Office circular (the 'ISO circular') explained that insurers were 'presenting an exclusion relating to contamination by disease-causing viruses or bacteria or other disease-causing micro-organisms.'" *Turek Enters., Inc. v. State Farm Mut. Auto. Ins. Co.*, --- F. Supp. 3d ----, No. 20-11655, 2020 WL 5258484, at *3 (E.D. Mich. Sept. 3, 2020) (citations omitted). In the ISO Circular, insurers misleadingly led regulators to believe both that the focus of the virus exclusion was its potential to contaminate consumable products, and that property policies have not been a source of "recovery for losses involving contamination by disease-causing agents." *See id.* at *9 (citation omitted). Based on these assurances, insurers gained regulatory approval based on the representation that the virus exclusion would not materially impact policyholders.

PLS.' STATEMENT IN RESP.
TO FIRST SCHEDULING ORDER
(2:20-cv-00616-BJR) - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

ii) **Efficient proximate cause**. This second issue also requires discovery prior to briefing. The issue is whether the Closure Orders are the efficient proximate cause of the plaintiff's loss, such that a "virus exclusion" (if any) does not bar coverage where the closure orders, and not the virus, are the predominant cause of the plaintiff's loss.[15] Plaintiffs suing defendants TDIC, Mass Bay, Fireman's Fund, and the Liberty Mutual and Travelers families of insurers will likely require resolution of this common legal issue. This legal issue applies to at least seven of the cases in Tracks One and Two.

iii) **Microbe exclusion**. A third common legal issue for the nine plaintiffs pursuing claims against Aspen and CNA, which is a mixed question of fact and law, is whether the "microbe exclusion," where microbe is defined to exclude "microbes that were transmitted directly from person to person" applies to the COVID-19 virus. If the "microbe exclusion" is found to apply to the COVID-19 virus, then a related legal issue is whether the closure orders were the efficient proximate cause of the plaintiff's loss, such that a "microbe exclusion" does not apply here where the closure orders, and not a "microbe," are the predominant cause of the plaintiff's loss.

iv) **Class certification**. The class cases will each face additional common legal issues under Federal Rule of Civil Procedure 23—including commonality and typicality of the named plaintiffs' claims, adequacy of the named plaintiffs, and predominance of common legal and factual issues. The appropriate time for the

---

[15] Washington's efficient proximate cause rule provides that an exclusion can apply only if the excluded cause of loss, and not some other intervening force, such as a governmental order, was the "predominant" cause of loss. *See Xia v. Probuilders Specialty Ins. Co.*, 188 Wn.2d 171, 183, 400 P.3d 1234 (2017).

PLS.' STATEMENT IN RESP.
TO FIRST SCHEDULING ORDER
(2:20-cv-00616-BJR) - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Court to evaluate class certification issues will be after discovery on issues impacting class certification (as discussed below), and following plaintiffs' motion(s) for class certification.

**3.      Is it appropriate to model the Court's management of the cases after an MDL? That might include a steering committee, selection of lead counsel, proceeding with selected representative cases.**

Plaintiffs believe it is appropriate to model the Court's management of these cases through three means: 1) by organizing the cases into three tracks, as discussed above, 2) by consolidating similar or overlapping claims where applicable, and 3) by litigating threshold common legal issues in a consolidated manner.

To further maximize efficient litigation of the common and overlapping legal and factual issues, Plaintiffs suggest that the class actions be consolidated either as one action, or into eight actions, based on insurer-defendant families. These proposals are separately explained in Plaintiffs' motion to consolidate. *See* Dkt. # 20.

Rather than proceeding with representative cases, Plaintiffs suggest proceeding with the representative briefing on the central coverage question, in semi-consolidated briefing, as described above.

**4.      Will there be a need for discovery? If so, is a common discovery plan a possibility?**

Defendants should promptly produce certified copies of each Plaintiff's policy, so that the parties and Court are confident the correct policy language is being adjudicated.

Discovery in Tracks One and Two should commence immediately on three issues. For those Defendants who intend to assert either a virus or microbe exclusion, discovery should proceed on 1) regulatory estoppel; and 2) discovery related to Washington's efficient proximate cause rule, including the closure orders and the actual or presumed presence and proliferation of

PLS.' STATEMENT IN RESP.
TO FIRST SCHEDULING ORDER
(2:20-cv-00616-BJR) - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

COVID-19 in and around Plaintiffs' businesses.  Additionally, ES Restaurants believes it should be allowed to commence discovery immediately with regards to FFIC's decision to remove the disease exclusion from its policy and FFIC's claims handling   Discovery should also commence immediately with respect to the class certification issues present in Track One.

Washington law holds that where policy terms are undefined, they must be interpreted "as [they] would be understood by the average lay person." *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 876, 784 P.2d 507 (1990). Many of the policy terms at issue are undefined. Where an undefined policy term may be subject to multiple, reasonable definitions, extrinsic evidence is admissible to interpret a term's meaning. *Holden v. Farmers Ins. Co. of Wash.*, 169 Wn.2d 750, 756-57, 239 P.2d 344 (2010). Accordingly, discovery related to the meaning and interpretation of policy terms may be necessary after the Court rules on Defendants' Rule 12 motions.

Plaintiffs reserve the right to seek full discovery that includes:

- Complete claim file and underwriting manuals;

- Information regarding presence of COVID-19 on or near the premises;

- Industry communications pertaining to COVID-19 coverage;

- Documents sufficient to show the drafting history, interpretation, and implementation of relevant policy terms and training of personnel related thereto;

- Defendants' relevant record-keeping;

- Interpretative materials, both internal and external, relating to drafting history, interpretation, and implementation of relevant policy terms;

- Communications with the Washington Office of the Insurance Commissioner or other relevant state insurance authorities regarding the meaning, interpretation,

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and significance of relevant policy terms, including any "virus exclusion,"

"microbe exclusion," "virus endorsement," or "communicable disease" coverage;

- Communications to policy holders regarding the relevant policy terms;

- Relevant Closure Orders; and

- Number of COVID-19 and/or Closure Order claims reported to defendant, by
  state and industry, and defendant's disposition thereof.

In addition, the class cases will seek discovery that includes:

- Documents sufficient to identify the states in which materially identical business
  interruption policies have been issued during the known existence of the COVID-
  19 global pandemic in the United States and documents sufficient to identify the
  number of such insureds by state.

Plaintiffs recommend a common discovery plan to coordinate the cases through phased
document discovery and depositions and to optimize efficiencies for the Court and the parties.

Plaintiffs also propose that the Court set a coordinated case management schedule
providing the same deadlines for the cases so the parties can coordinate and maximize
efficiencies during each phase of the litigation, e.g., coordinated briefing schedules, discovery,
expert witnesses, and trials.

**5.     How should motions and motion briefing be scheduled and organized?**

Plaintiffs propose that the Court first rule on the threshold coverage issues. To recap
these issues: whether policy language stating that a **"direct physical loss of or damage to
property"** provides coverage relative to the physical loss of property and/or damage to property
caused by viruses or, alternatively, whether this language contains an unwritten "structural
alteration" requirement as defendants suggest; whether this same language provides coverage

relative to Plaintiffs' business suspensions arising from the pandemic, including the closure orders and/or the probable, assumed, or likely (whether known or unknown) presence of the virus at or near Plaintiffs' businesses; whether the Policies' various civil authority coverages are triggered by the closure orders prohibiting access to Plaintiffs' insured premises or, alternatively, contain additional, unwritten requirements as defendants suggest. The Court should seek to coordinate oral argument (if any) and its rulings on these issues in at least Tracks One and Two. To the extent certain of the briefs raise additional issues, the Court may rule on these issues at its discretion.

Within Tracks One and Two, litigation on any application of a virus or microbe exclusion should not occur without discovery i) on the regulatory estoppel issue described above, and ii) as pertains to the application of Washington's efficient proximate cause rule.

**6.      Any other questions or issues counsel believe are germane for discussion.**

To promote efficiency and avoid duplication of effort or resources, the Defendants should immediately identify to Plaintiffs and the Court all actions pending in state or federal courts with overlapping class claims. As stated above, Defendants should also promptly produce certified copies of the Policies at issue.

## IV.      CONCLUSION

Plaintiffs propose that the parties report back to the Court within 14 days on all issues that remain open after the case management conference. Plaintiffs request a further status conference approximately 7-10 days thereafter.

DATED this 4th day of November, 2020.

PLS.' STATEMENT IN RESP.
TO FIRST SCHEDULING ORDER
(2:20-cv-00616-BJR) - 12

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

KELLER ROHRBACK L.L.P.


By: _s/ Amy Williams-Derry_
By: _s/ Lynn L. Sarko_
By: _s/ Gretchen Freeman Cappio_
By: _s/ Ian S. Birk_
By: _s/ Irene M. Hecht_
By: _s/ Karin B. Swope_
By: _s/ Maureen Falecki_
By: _s/ Nathan L. Nanfelt_
    Amy Williams-Derry, WSBA #28711
    Lynn Lincoln Sarko, WSBA #16569
    Gretchen Freeman Cappio, WSBA #29576
    Ian S. Birk, WSBA #31431
    Irene M. Hecht, WSBA #11063
    Karin B. Swope, WSBA #24015
    Maureen M. Falecki, WSBA #18569
    Nathan Nanfelt, WSBA #45273
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ibirk@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: kswope@kellerrohrback.com
    Email: mfalecki@kellerrohrback.com
    Email: nnanfelt@kellerrohrback.com


By: _s/ Alison Chase_
    Alison Chase, _pro hac vice forthcoming_
    801 Garden Street, Suite 301
    Santa Barbara, CA 93101
    Telephone: (805) 456-1496
    Fax: (805) 456-1497
    Email: achase@kellerrohrback.com

PLS.' STATEMENT IN RESP.
TO FIRST SCHEDULING ORDER
(2:20-cv-00616-BJR) - 13

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# EXHIBIT A

**Business Income Loss Policy Language Comparison for Track One Cases**

<u>Coverage Language for loss of property and loss of business income</u>:  Virtually identical language from 7 Insurer Defendant families (CNA, Hartford, Liberty Mutual, Massachusetts Bay, TDIC, Travelers, and Tri-State).  Functionally equivalent language with Aspen.

<u>Suspension of Business Language</u>: Virtually identical language from 7 Insurer Defendant families (CNA, Hartford, Liberty Mutual, Massachusetts Bay, TDIC, Travelers, and Tri-State).  Functionally equivalent language with Aspen.

| Group | Insurer Family | Policy Form | Plaintiffs | Step One: Is there Coverage? | Definition of "Suspension" | If coverage, then | Step Two: Applicable Exclusion? |
|-------|----------------|-------------|------------|-------------------------------|----------------------------|-------------------|----------------------------------|
| 1 | **CNA family**<br><br>*Coverage language:*<br>*Same as Hartford, Liberty Mutual, TDIC, Mass Bay, Travelers & Tri-State*<br><br>*Functionally equivalent to Aspen*<br><br>*Suspension language:*<br>*Same as Hartford, Liberty Mutual, TDIC, Mass Bay, Travelers & Tri-State*<br><br>*Functionally equivalent to Aspen* | **CNA Connect Policy – Businessowners Special Property Coverage Form** | Noskenda<br>McCulloch<br>Hong v. TI<br>Hong v. VF | **We will pay** for <u>direct physical loss of or damage to</u> Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.<br><br>Covered Causes of Loss includes "RISKS OF DIRECT PHYSICAL LOSS."<br><br>**We will pay** for the actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration.' The 'suspension' must be caused by <u>direct physical loss of or damage to property</u> at the described premises. The loss or damage must be caused by or result from a Covered Cause of loss. | "'Suspension'" means: a. The partial or complete cessation of your business activities; or that a part of all of the described premises is rendered untenantable." | → | To be determined |

EXHIBIT A

1

| Group | Insurer Family | Policy Form | Plaintiffs | Step One: Is there Coverage? | Definition of "Suspension" | If coverage, then | Step Two: Applicable Exclusion? |
|---|---|---|---|---|---|---|---|
| 1 | Hartford Casualty/ Sentinel ("Hartford") | **Spectrum Business Policy Special Property Coverage Form** **SS 00 07 07 05** | Chorak Prato KCJ Studios et al. Glow Medispa Lee Kim  Seattle Symphony Strelow J Bells SCRBKR2017 LLC Seattle Bakery LLC | **We will pay** for <u>direct physical loss of or physical damage to Covered Property</u> at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.  Covered Causes of Loss includes "RISKS OF DIRECT PHYSICAL LOSS."  **We will pay** for the actual loss of Business Income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration.' The suspension must be caused by <u>direct physical loss of or physical damage</u> to property at the scheduled premises . . . caused by or resulting from a Covered Cause of Loss. | With respect to business income, extra expense, and extended business income coverages, "suspension means: (a) The partial slowdown or complete cessation of your business activities; or (b) That part or all of the "scheduled premises" is rendered untentantable as a result of a Covered Cause of Loss [.]"  *[same as CNA, Hartford, Liberty Mutual, Mass Bay, & Travelers]* | → | To be determined |

EXHIBIT A

2

| Group | Insurer Family | Policy Form | Plaintiffs | Step One: Is there Coverage? | Definition of "Suspension" | If coverage, then | Step Two: Applicable Exclusion? |
|---|---|---|---|---|---|---|---|
| 1 | **Liberty Mutual aka Ohio Casualty** | **Businessowners Coverage Form**<br><br>**BP 00 03 0106** | Pacific Endodontics Cascadia Dental Rowshan | **We will pay** for <u>direct physical loss of or damage to covered property</u> at the premises . . . caused by or resulting from any Covered Cause of Loss.<br><br>Covered Causes of Loss includes "direct physical loss."<br><br>**We will pay** for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by <u>direct physical loss of or damage to property</u> at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. | With respect to business income, extended business income, and extra expense coverages, "'suspension means: The partial slowdown or complete cessation of your business activities; or (b) That a part or all of the described premises is rendered untenantable[.]" | → | To be determined |

EXHIBIT A

3

| Group | Insurer Family | Policy Form | Plaintiffs | Step One: Is there Coverage? | Definition of "Suspension" | If coverage, then | Step Two: Applicable Exclusion? |
|---|---|---|---|---|---|---|---|
| 1 | **The Dentists Insurance Company ("TDIC")** | **Businessowners Policy** | Germack | **We will pay** for <u>direct physical loss of or damage to Covered Property</u> caused by or resulting from a "Covered Cause of Loss" at the premises.<br><br>"Covered Cause of Loss" means "All risk of direct physical loss[.]"<br><br>**We will pay** for the actual loss of 'Business Income' you sustain because of the necessary suspension of your "Operations" during the 'Period of Restoration.' The suspension must be caused by <u>direct physical loss of or damage to property</u> at the described premises . . . caused by or resulting from a 'Covered Cause of Loss.' | Not defined.<br><br>*But see* IX. Property Loss Conditions -G. Resumption of Operations – "We will reduce the amount of your:<br><br>a) 'Business Income' loss, other than Extra Expense, to the extent you can resume your "Operations," in whole or in part, by using damaged or undamaged property . . . at the described premises; and b) Extra Expense loss to the extent you can return "Operations" to normal and discontinue such Extra Expense." | → | To be determined |

EXHIBIT A

4

| Group | Insurer Family | Policy Form | Plaintiffs | Step One: Is there Coverage? | Definition of "Suspension" | If coverage, then | Step Two: Applicable Exclusion? |
|-------|----------------|-------------|------------|------------------------------|----------------------------|-------------------|-------------------------------|
| 1 | **Massachusetts Bay Insurance Company ("Massachusetts Bay")** | **Businessowners Insurance Policy** | Caballero | **We will pay** for <u>direct physical loss of or damage to Covered Property</u> at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.<br><br>"Covered Cause of Loss" – "Risks of direct physical loss[.]"<br><br>**We will pay** for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration."<br><br>The "suspension" must be caused by <u>direct physical loss of or damage to</u> a described premises shown in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or resulting from a Covered Cause of Loss. | "'Suspension' means: a. The partial slowdown or complete cessation of your business activities; or b. Part or all of the described premises is rendered untenantable [.]" | → | To be determined |

EXHIBIT A

5

| Group | Insurer Family | Policy Form | Plaintiffs | Step One: Is there Coverage? | Definition of "Suspension" | If coverage, then | Step Two: Applicable Exclusion? |
|-------|----------------|-------------|------------|------------------------------|---------------------------|-------------------|-------------------------------|
| 1 | Travelers | Businessowners Property Coverage<br><br>MP T1 02 02 05 | Nguyen<br>Fox<br>Hsue<br>Bath<br>Kashner<br>Stan's Bar-B-Q | **We will pay** for <u>direct physical loss of or damage to Covered Property</u> at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss."<br><br>Covered Cause of Loss – 'RISKS OF DIRECT PHYISCAL LOSS[.]"<br><br>**We will pay** for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration".<br><br>The "suspension" must be caused by <u>direct physical loss of or damage to property</u> at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. . . . | "'Suspension' means: a. The partial or complete cessation of your business activities; or b. That a part or all of the described premises is rendered untenantable." | → | To be determined |

EXHIBIT A

6

| Group | Insurer Family | Policy Form | Plaintiffs | Step One: Is there Coverage? | Definition of "Suspension" | If coverage, then | Step Two: Applicable Exclusion? |
|---|---|---|---|---|---|---|---|
| 1 | Tri-State Insurance Company of Minnesota ("Tri-State") | Business Income (And Extra Expense) Coverage Form<br><br>CP 00 30 10 12 | La Cocina de Oaxaca | **We will pay** for <u>direct physical loss of or damage to</u> Covered Property . . .caused by or resulting from any Covered Cause of Loss."<br><br>"Covered Cause of Loss" – means "direct physical loss unless the loss is excluded or limited[.]"<br><br>**We will pay** for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration."<br><br>The "suspension" must be caused by <u>direct physical loss of or damage to property</u> at premises which are described in the Declarations and for which a Business Income Limit Of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss. | "'Suspension' means: a. The slowdown or cessation of your business activities; or b. That a part of or all of the described premises is rendered untentantable, if coverage for Business Income . . .. applies." | → | To be determined. |

EXHIBIT A

7

| Group | Insurer Family | Policy Form | Plaintiffs | Step One: Is there Coverage? | Definition of "Suspension" | If coverage, then | Step Two: Applicable Exclusion? |
|---|---|---|---|---|---|---|---|
| 1A | **Aspen American Insurance Company ("Aspen")** | ASPDTPR001 | Mikkelson<br>Marler<br>Aylen<br>Jagow<br><br>Tabarie | **We will pay** for all <u>direct physical damage to covered property</u> at the premises described on the Declarations caused by or resulting from any covered cause of loss.<br><br>"Covered cause of loss" means ALL RISK OF DIRECT PHYSICAL LOSS.<br><br>"Damage" means partial or total loss of or damage to your covered property.<br><br>**We will pay** for the actual loss of practice income you sustain . . .due to the necessary suspension of your practice during the period of restoration. The suspension must be caused by direct physical damage to the building or blanket dental practice personal property . . caused by or resulting from a covered cause of loss[.] | Not defined.<br><br>*But see* definition of "damage" which means "partial or total loss of or damage to your covered property." | → | To be determined |

EXHIBIT A

8